IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELISSA BECKER<br>   *Plaintiff*, | § § § | |
| v. | § § § | |
| WELLS FARGO | § § § | Civil Action No. _5:19-cv-1068_ |
|    *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Plaintiff Melissa Becker, Individually, and on behalf of all present and former employees who were not properly paid overtime ("Plaintiff" herein) and brings this Fair Labor Standards Act ("FLSA") claim against Defendant Wells Fargo (hereinafter referred to as "Wells Fargo") and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants Wells Fargo violated the FLSA by failing to pay Plaintiff, in addition to any other present and/or former employee during the prior two or three year period, for all of overtime

hours. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked outside his normal work schedule or forty hours per week.

### 3. II. PARTIES

4. Plaintiff Melissa Becker is an individual who was employed by Defendant within the meaning of the FLSA. She hereby consents to be a party in this action. She was a resident within and was employed within this District at all relevant times.

5. Defendant Wells Fargo is a corporation in the state doing business within this District and can be served with process by serving its Registered Agent for service: Corporation Service Company dba CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701-3218. A waiver has been prepared and sent to Defendant.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District of Texas because the events forming the basis of the suit occurred in this District. Moreover, Defendant does business and has locations in San Antonio, Texas.

### IV. COVERAGE

8. At all material times, Defendant Wells Fargo has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant Wells Fargo has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant Wells Fargo has been an enterprise within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant Wells Fargo has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendant Wells Fargo is an organization that provides banking services in the State of Texas, including San Antonio, Texas.  It is believed that Defendant services business in Texas and it does more than $500,000 per year in business and gross revenues.

14. Plaintiff was an employee. Although paid a salary, she was regularly scheduled to work 40 or more hours in a work week.  In addition to her regularly scheduled work, Plaintiff was required to work more than 40 hours per week.

15. Often, she was required and expected to, and it was known that she had to complete the required scheduled shifts of Defendants. However, Plaintiff was not compensated for that time outside of her 40-hour shift that she spent working on behalf of Defendants.  She was not properly paid for all overtime worked or all hours worked.

16. Plaintiff was not compensated at the rate of time and one half her regular rate of pay for the hours she worked outside of 40 hours.  Because Plaintiff regularly worked 40 or more hours per week, any extra time she worked would be considered overtime.

17. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and other present and/or former employees.  Defendant did not remedy the problem after Plaintiff questioned the hours worked over 40 hours for which she was not paid.

## VI. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. During the relevant period, Defendants violated and is/are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

19. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, individually, and on behalf of all present and/or former employees who were not paid proper overtime for all overtime hours worked and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b.  For an Order awarding Plaintiff the costs of this action;

c.  For an Order awarding Plaintiff mandatory attorneys' fees under the FLSA ;

d.  For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

**By:  /s/ *Lorna R. Griffin***
**Lorna R. Griffin**
**State Bar No. 24109947**
**lgriffin@ponciolaw.com**
**Adam Poncio**
**State Bar No. 16109800**
**salaw@msn.com**
**Alan Braun**
**State Bar No. 24504488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:    (210) 212-7979**
**Facsimile:    (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**